UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

ANTHONY RETIC,                          )
                                        )
    Plaintiff,                          )
                                        )
v.                                      )   Case No. 5:23-cv-01396-MHH-SGC
                                        )
CAPTAIN JOHN HUTTON, *et al.*,          )
                                        )
    Defendants.                         )

**MEMORANDUM OPINION**

Pursuant to 42 U.S.C. § 1983, plaintiff Anthony Retic has asserted a claim against Captain John Hutton and Lieutenant Michael J. Jones for retaliation under the First Amendment. The magistrate judge entered a report in which she recommended that the Court deny Mr. Retic's request for discovery and deferral of the disposition of the defendants' summary judgment motion and grant the defendants' summary judgment motion. (Doc. 43). Mr. Retic objects to the report and recommendation. (Doc. 46).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3)

("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objective to."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

Turning to Mr. Retic's first objection, because the defendants argued that they are entitled to judgment in their favor in their official and individual capacities, (Doc. 37, pp. 9-10), the magistrate judge addressed both arguments in her report, (Doc. 43, pp. 6-7). In his objections, Mr. Retic cites his complaint, (Doc. 1, p. 4), and asserts that he has sued the defendants only in their individual capacities. (Doc. 46, p. 1). In his complaint, Mr. Retic stated that he is suing Captain Hutton and Lt. Jones "in their personal capacity." (Doc. 1, p. 4). The Court recognizes that Mr. Retic is pursuing his claims against Captain Hutton and Lt. Jones only in their individual capacities. As noted, the official capacity analysis in the report and recommendation was responsive to the defendants' summary judgment argument; the official capacity analysis does not affect the disposition of Mr. Retic's First Amendment retaliation claim.

In his objections, Mr. Retic contends that the magistrate judge mischaracterized the sequence of events that unfolded in the dining room at Bibb County Correctional Facility on October 3, 2022. In his objections, Mr. Retic asserts that he complained about the food served at Bibb in a calm manner before a riot broke out in the dining room. (Doc. 46, p. 2). But in his complaint, Mr. Retic asserted that while other inmates were yelling complaints about the food at the facility, he "remained seated, finished eating his meal, got up from the table he was at, spoke to Warden [] Gordy [and] Captain Carter, then left the dining area" as ordered. (Doc. 1, p. 2). Mr. Retic alleged that he spoke to Warden Gordy and Captain Hutton calmly and then calmy exited the dining room and returned to his dorm. (Doc. 1, p. 10). In his response to the defendants' summary judgment motion, Mr. Retic did not address the order of events other than to state that he did not incite the riot. (Doc. 42, p. 2). Mr. Retic requested discovery of video footage of the riot to confirm that he did not incite the riot. (Doc. 42, p. 2). The Court has not found an allegation in Mr. Retic's complaint or in his summary judgment opposition that he complained about the food at Bibb before the riot began.

In her report, the magistrate judge accepted as true Mr. Retic's contention in his complaint that he calmy voiced a complaint after other prisoners began a riot. (Doc. 43, pp. 4-5, 12-13). The magistrate judge properly accepted the version of events that Mr. Retic presented in his complaint under penalty of perjury. (Doc. 1,

3

p. 13). Moreover, analysis of Mr. Retic's retaliation claim does not turn on the specific time of Mr. Retic's complaint about the food at Bibb. The magistrate judge concluded that the defendants in their individual capacities are entitled to qualified immunity on Mr. Retic's First Amendment retaliation claim because there is no case or principle that constitutes fair and clear notice that a calm complaint made in the context of a riot incited by other prisoners is constitutionally protected speech. (Doc. 43, pp. 12-13). In his objections, Mr. Retic has not identified a decision from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or the Alabama Supreme Court with particular facts like the facts surrounding the October 3, 2022 riot that would give Captain Hutton and Lt. Jones the required notice that disciplining him for a calm complaint made while other prisoners rioted violates a prisoner's First Amendment rights. (See Doc. 43, pp. 9-10).[1]

Finally, Mr. Retic renews his request for discovery and deferral of the disposition of the summary judgment motion. Mr. Retic argues again that video footage of the riot will corroborate his version of events. (Doc. 46, pp. 2-3, 5).

---

[1] In his objections, Mr. Retic cites *Smith v. Mosley*, 532 F.3d 1270 (11th Cir. 2008). *Smith* concerns a First Amendment retaliation claim that a prisoner brought against prison officials who disciplined him after he wrote a letter in which he complained about prison conditions, using language that "reeked of disrespect for [prison] administrators' authority." *Smith*, 532 F.3d at 1279. The Eleventh Circuit held that the grievances in Mr. Smith's letter "amounted to protected speech." *Smith*, 532 F.3d at 1277. The facts of the *Smith* case are not sufficiently similar to the facts in Mr. Retic's case to provide notice to Captain Hutton and Lt. Jones that Mr. Retic's speech in the context of a riot was protected speech or that their conduct in disciplining him constituted retaliation for his exercise of his First Amendment rights.

Because Mr. Retic's version of the order of events does not affect the disposition of his individual capacity First Amendment retaliation claims against Captain Hutton and Lt. Jones, the Court will not order discovery or delay ruling on the defendants' summary judgment motion.

After consideration of the electronic record in this case, the Court overrules Mr. Retic's objections (Doc. 46), denies his request for discovery, adopts the magistrate judge's report, (Doc. 43), and accepts her recommendation. Consistent with that recommendation, by separate order, the Court will grant the defendants' motion for summary judgment, (Doc. 37).

The Clerk of Court shall please send a copy of this memorandum opinion and the final order to Mr. Retic at his address on file and shall please TERM the gavel on the September 30, 2024 motion for summary judgment entry and Doc. 43.

**DONE** and **ORDERED** this August 8, 2025.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE